## AS TO BASING MANSLAUGHTER ON VIOLATION OF AN ORDINANCE.

Common Pleas Court of Franklin County.

THE STATE OF OHIO v. DEL COLLINSWORTH.

Decided, April 27, 1909.

*Criminal Law—Manslaughter Can be Predicated on Violation of State Law Only—No Constitutional Warrant for Making Certain Acts Criminal by Local Laws—Uniform Operation of Criminal Laws—Where Neglect is Charged as Shown by Violation of an Ordinance, the Ordinance Must be Pleaded.*

1. To constitute manslaughter the accused must have been guilty of the commission of an unlawful act made so by state law resulting in a death. The violation of a city ordinance is not sufficient.
2. An ordinance making it a misdemeanor to cause a vehicle to collide with a person is, therefore, not admissible as evidence in a prosecution for manslaughter because of a death growing out of such a collision.

*Weber, McCoy, Game & King,* for the State.
*Edward C. Turner* and *John A. Connor,* contra.

Heard on objection to the introduction of a city ordinance in support of an indictment for manslaughter where the accused, in violation of the same, caused his vehicle to come into collision with a person, resulting in his death.

KINKEAD, J. (orally).

The previous action by another branch of this court does not embarrass the court. In considering the objection interposed to the admission of the ordinance of the city of Columbus, a copy of which appears in the indictment, the rule that one judge shall follow the decision of another judge; even though the subsequent judge's opinion might be different from the other, is not involved. The judge, in overruling the demurrer, was compelled to do so because the indictment contained a charge of manslaughter independently of the charge of violation of the city ordinance.

The question involved here is of too great importance to warrant a trial judge by any judicial interpretation of statutes, penal in character, to make what seems to me an apparent extension beyond what has been determined by the Supreme Court.

The question is whether or not the violation of the city ordinance making it a misdemeanor in disregard of its provisions to cause a vehicle to come in collision with a person, constitutes involuntary manslaughter; whether or not Section 6811, Revised Statutes, properly construed, is sufficient to warrant the charge of homicide or of manslaughter for a violation of the ordinance in question. No fact is better understood in criminal law than that we have no common law crimes in Ohio. There was a time when the bar and the courts in Ohio believed and considered that there was in this state, under and by virtue of Section 6811, two classes of involuntary manslaughter. The judge who delivered the charge in the case, reported in the 19th Circuit Court Reports, which was a case where the accused was simply exhibiting a weapon in a friendly way, and it accidentally went off, killing his friend, charged the law to be in that case that act constituted involuntary manslaughter, but the circuit court in the 19th Circuit reversed the common pleas, and held in so many words that there must be a violation of a penal statute in order to constitute a crime of manslaughter. The judge who delivered the opinion in the circuit court case also delivered the opinion in *Johnson* v. *Slale*, 66th Ohio State, p. 59.

Ever since the opinion in *Johnson* v. *State*, which was in 1902, I have thought it impossible and inadvisable for a trial court to assume the responsibility of holding that a violation of anything less than a state statute, resulting in death, constitutes manslaughter. Some reference has been made to what has been done previously by members of this court in other cases. Be that as it may, there being some doubt in our mind just what the previous rulings were, I firmly believe that manslaughter, as it has been defined by the Supreme Court, means that a party to be guilty must be guilty of violating some state law, which act causes death.

By way of illustration, for instance, we may consider the violation of the state laws now regulating automobiles. If a

man in running an automobile violates a state law, and by rea-
son of such negligent violation runs into another and causes
his death, in my' judgment that would be an illustration of man-
slaughter within this statute as defined by the appellate courts.

In the crime of manslaughter as it existed in common law,
there were two classes of acts, *malum in se* and *malum prohibi-
tum*. The unlawfulness of the act in law supplied the inten-
tion, and while we so frequently say as a general proposition
that no crime can be committed unless there has been an intent,
it does not mean that there shall be an actual intent. The ex-
ample mentioned of the violation of the state law regulating
the rate of speed of an automobile is an illustration of that rule.
The unlawfulness of the act supplies the intent.

There is another very potent reason which may be advanced
for sustaining the objection to the introduction of this ordi-
nance—and it goes to the wisdom of the rule established in the
two decisions by the Supreme and circuit courts—that the con-
stitutional mandate is that all laws of a general nature must
have a uniform operation within the state, and some very great
men in times gone by, have discussed the injustice of making
acts criminal by local laws within townships and municipali-
ties. The very purpose of one provision of our Constitution,
as shown by the debates of the persons who took part in that
convention, was to stop this matter of having a crime by a local
law in one locality that was not a crime in another. For this
reason it would be an unwise rule, in my judgment, to allow a
crime of the grade of manslaughter to be predicated upon an
ordinance that might be passed by any municipality in the
state. You can readily see that we would have a crime of man-
slaughter in the city of Columbus, and it would not be a crime
outside of the city at all. The village of Worthington might
have an ordinance of a different sort, and it might lead to the
charge of manslaughter, and it is not contemplated that any
crime against the state of such a character shall be founded upon
any such basis. And on that consideration, in addition to the
other grounds that I have mentioned, I have come to the con-
clusion that the violation of this ordinance is what would have
been a crime at common law, but which is not a crime within

the laws of Ohio as they have been construed by the higher courts, and therefore the objection is sustained and the ordinance will not be admitted.

There is another reason for this action. The rule is well settled that when seeking to hold any one responsible in damages, civilly, by way of a charge of neglect for violating an ordinance, that the ordinance must be specially pleaded and proven as any other fact; and when it comes to the question of law when the court charges the jury, the ordinance is not conclusive upon the question of fact involved as to whether or not the violation of that ordinance in a particular case, is a negligent act. The violation of a statute is *prima facie* or *per se* an act of neglect, but this is not so in case of violation of an ordinance. The ordinance and the act of violation must be submitted to the jury. That is another reason for the inadvisability of extending this crime of manslaughter to the violation of a city ordinance.

MR. KING: The State will not go any further in the prosecution of this case, and the court can instruct the jury in accordance with the decision here, because there are no common law crimes in this state, and negligence, however gross, can not be a crime, and it must rest upon some statute or ordinance as we say, making that conduct penal. Consequently, if this is not a violation of the law, then this man is not guilty of any unlawful act.

THE COURT: Gentlemen of the jury, in view of the conclusion of the court upon the question of law involved, there is nothing for you to do under the instructions of the court but to render a verdict acquitting the defendant. You will select one of your number as foreman, and a verdict will be handed to you, which may be signed and returned. There is no necessity to retire.